IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TIDEWATER SKANSKA, INC.,**

    **Plaintiff,**

    v.                                        CIVIL ACTION NO. 2:05cv395

**PLATEAU ELECTRICAL
CONSTRUCTORS, INC., et al.**

    **Defendants.**

***MEMORANDUM OPINION & ORDER***

This matter comes before the Court on Plaintiff Tidewater Skanska, Inc., f/k/a Tidewater Construction Corporation's ("Tidewater") Motion for Partial Summary Judgment against Defendants Plateau Electrical Constructors, Inc. ("Plateau") and Travelers Casualty and Surety Company of American, d/b/a St. Paul Travelers ("Travelers") (collectively, "Defendants"), Defendants' Joint Motion for Summary Judgment, and Defendants' Motion to Strike the Affidavits of Thomas J. Fulton and J. Douglas Hannah.[1]  Having considered the briefs filed by both parties, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment in part, **DENIES** Defendants' Motion for Summary Judgment, **DENIES** Defendants' Motion to Strike the Affidavit of Thomas J. Fulton.

---

[1] The Court will not address the Motion to Strike the Affidavit of J. Douglas Hannah in this opinion because Plaintiff, on July 22, 2006, filed a motion regarding this issue that is currently pending before the Court.  Thus, the ruling as to the J. Douglas Hannah affidavit is **DEFERRED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff contracted with the United States Navy ("Navy") to replace Piers 2 and 21 at the Norfolk Naval Station (collectively, "the Pier Contracts"). Plaintiff subcontracted with Plateau to perform the electrical work for both Pier Contracts. Plaintiff's subcontract with Plateau is dated June 15, 1999 for Pier 2 and February 1, 2000 for Pier 21.

Reliance Insurance Company acted as surety by providing performance bonds in favor of Plaintiff to secure Plateau's performance on the subcontracts.[2] Pursuant to the subcontracts, Plateau was required to install medium voltage electrical power lines. Plateau was required to perform the work with "strict conformity" with the applicable Navy contract drawings, specifications, and amendments. Further, the contract provided that "all workmanship, equipment, materials and articles incorporated in the work were to be of the best grade of their respective kinds for the purpose, and to the satisfaction of [Plaintiff], the [Navy], and the [Navy's] representative." Finally, as to the performance of the work, Plateau was required to immediately notify Tidewater about any discrepancies in figures or drawings, and without Plaintiff's approval no modifications or corrections could be made except at the risk and expense of Plateau.

In or around November 2001, the Plaintiff and the Navy accepted Plateau's work. Plateau was paid in full for the work performed. However, upon investigation, Plaintiff alleges that Plateau failed to perform the work properly by failing to meet specific criteria and specifications as detailed in the contract. The Navy made a demand on Plaintiff to correct the

---

[2] Travelers is the successor by merger of Reliance Insurance Company and assignee of all rights and liabilities under the performance bonds.

problem. Plaintiff alleges that it then made its demand upon Travelers, because Plateau could not be located. After Defendants failed to perform the corrective work, Plaintiff hired Miller Electric as a subcontractor to fix the problems. Plaintiff incurred the costs of the repair.

On June 28, 2005, Plaintiff filed a complaint in this Court. Subsequently, on May 22, 2006, Plaintiff filed a Motion for Partial Summary Judgment. In response, on June 1, 2006, Defendants filed their response and a Motion to Strike the Affidavits attached to Plaintiff's Motion for Partial Summary Judgment. On June 8, 2006, Plaintiff filed its rebuttal.[3] Additionally, Plaintiff filed an opposition to the motion to strike on June 12, 2006. On June 15, 2006, Defendants filed their response with respect to the motion to strike. On June 9, 2006, Defendants filed a Joint Motion for Summary Judgment. Plaintiff filed an opposition on June 20, 2006. On June 23, 2006, Defendants filed their response. This matter is now ripe for adjudication.

## II. LEGAL STANDARD

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn from the facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits,

---

[3] On June 16, 2006, Defendants filed a Motion to Strike or Disregard Plaintiff's Rebuttal Brief. This motion is **DENIED**.

depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

### III. DISCUSSION

#### A. Motion to Strike Affidavits

Defendants argue that the Affidavits of Thomas Fulton ("Fulton") and J. Douglas Hannah ("Hannah") should be stricken from the record because the facts set forth in the affidavit would not be admissible as evidence at trial. Specifically, Defendants argue that Fulton is not qualified to attest to paragraphs 11, 13, and 22 of the affidavit given that his first involvement with the piers in issue began in December of 2004. Thus, Defendants contend that Fulton has no personal knowledge of the events addressed in the aforementioned paragraphs given that they all occurred prior to December 2004. Additionally, Defendants assert that paragraphs 4,5,7,8,10,11,12, 16,17,19,21,22,and 23 of Fulton's affidavit are not statements of fact, but opinions or legal conclusions that he is unqualified to make. In response, Plaintiffs argue that because Fulton is Plaintiff's project manager in charge of the remedial efforts to correct the deficiencies in Plateau's work, he is familiar with the original contract for the work, including the original subcontract, specifications, and payments. The Court finds merit in Plaintiff's arguments

Federal Rule of Civil Procedure 56(e) provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED. R. CIV. P.

56(e). In this case, Defendants argue that Fulton became involved with the process in December 2004, three years after construction of the piers were complete. The Court finds that this fact does not preclude his personal knowledge of the events related to that time period given his position as project manger. Certainly, to fully evaluate the steps that need to be taken to correct the failures, Fulton, in his role as project manager over the remedial efforts, must have insight into events that took place which lead to the problems, even if the events occurred before he was there. Although Fulton may not have been there at the time the piers were constructed, his involvement since that time has been in a capacity in which he was evaluating the alleged failures that took place during those times. The Court finds that his position is such that the matters that he attests to in the affidavit are not outside the scope of his personal knowledge. As a result, Plaintiff's Motion to Strike the Affidavit of Fulton is **DENIED**.

      B.      **Plaintiff's Partial Summary Judgment Motion**

Plaintiff alleges that Plateau breached its contractual requirements by: (1) failing to follow the steps to construct the splices between the electrical cables, (2) failing to install expansion joints every 30.5 meters, (3) making unauthorized modifications to the hanger straps, (4) failing to install certain bushings or end-bells, and (5) failing to adequately perform quality assurance obligations.

Upon review of the filings, the Court finds that Defendants have met their burden in demonstrating that there are a genuine issues of material fact for trial with respect to Plaintiff's allegations that Plateau failed to follow the steps to construct the splices, failed to install certain bushing or end-bells, and failed to adequately perform quality assurance obligations. Accordingly, Plaintiff's Partial Motion for Summary Judgment for these alleged breaches is

**DENIED**. However, as outlined below, the Court finds that no genuine issues of material fact exist with respect to Plateau's failure to install expansion joints every 30.5 meters and Plateau making unauthorized modifications to the hanger straps.

**1.     Expansion Joints**

Plaintiff asserts that pursuant to the subcontract, Plateau was to place expansion joints in the electrical conduit at least every 30.5 meters. However, upon subsequent inspection, it was found that Plateau did not place the expansion joints as required by the subcontract. In response, Defendants assert that this specification did not appear in the subcontract. In support of this contention, Defendants attach the deposition testimony of Herbert Lankins ("Lankins"), Plateau's corporate representative, who testified that the set of specifications that they were issued did not contain the requirement.

It is well established that "where a writing refers to another document, that other document or so much of it as is referred to, is to be interpreted as part of the writing." *Va. Heart Institute, Ltd. v. Northside Electric Co.*, 1982 215281, at *5 (Va. Cir. Ct. Oct. 29, 1982) (quoting 4 S. Williston, A Treatise on the Law of Contracts 623 at 901 (1961)). Additionally,

> [f]or the terms of another document to be incorporated into the document executed by the parties, the reference must be clear and unequivocal, and must be called to the attention of the other party, he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties; each case must turn on its own facts

*Id*. (quoting 17 A. C.J.S. "Contracts" 299 at 136-37 (1963).

"It is generally held that where a building contract refers to plans and specifications and so makes them a part of itself, the contract is to be construed as to its terms and scope together

6

with the plans and specifications." *Id*. (quoting 13 Am. Jur. 2d, "Building and Construction Contracts" 12 at 15-15 (1964).).

In this case, the subcontract between Plaintiff and Plateau expressly provide that it incorporates by reference the contract that Plaintiff entered into with the Navy. Specifically, the subcontract states that Plateau shall preform the work in accordance to "Department of the Navy, Atlantic Division, Naval Facilities Engineering Command . . . [Contract No. N62470-97-C-7041 and Contract No. N62470-99-C-9042] Contract Drawings, Specifications and Amendments . . . and all other data referenced therein and which by reference herein are made a part hereof" (Am. Compl., Exs. 1 and 2). Through the affidavit of Fulton, a true and accurate copy of the specification for the expansion joints was attached. The specification provides that "[a]n expansion joint with gasket shall be installed at least every 30.5 meters. For each run shorter than 30.5 meters provide at least one expansion joint." (Fulton Aff. ¶ 4, Ex. A).

Even in viewing the record as a whole in the light most favorable to Defendants, the Court can not go against the express terms of the contract. Although, Lankins says that he never saw the specifications, it is clear that he knew that the specifications existed because Plateau signed the subcontracts which reference those specifications. It is not enough for Lankins to simply say that he never saw those specifications when they were clearly incorporated by reference into the contract. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (a motion for summary judgment may not be defeated by evidence that is "merely colorable" or "is not sufficiently probative"). The Court finds that Defendants have not satisfied its burden of showing that a genuine issue of material fact exist. The Court finds that Plateau breached its contract by failing to place expansion joints in the electrical conduit at least every 30.5 meters.


Accordingly, the Court **GRANTS** Plaintiff's Partial Motion for Summary Judgment as to this issue.

### 1. Unauthorized Modifications

Plaintiff asserts that Plateau made alterations to its work without their written authorization. Specifically, Plaintiff contends that Plateau made unauthorized modifications to the hanger straps in violation of the express terms of the contract.

The subcontract provides that "any discrepancy in the figures or drawings shall be immediately referred to [Plaintiff] without whose approval no modification or correction shall be made save only at the risk and expense of the [Plateau]" (Am. Compl., Exs. 1 and 2). The express terms are unambiguous. *See Russell Co. V. Carroll*, 74 S.E.2d 685, 688 (Va. 1953) (when a contract is clear and unambiguous, it is the duty of the court, and not the jury, to decide its meaning). Essentially, if a modification must be made, Plateau must first obtain approval from Plaintiff.

Through the deposition testimony of Lankins, it is evident that the hanger straps were modified. (Dep. Lankins 54:11-22 attached to Mot. Partial Sum. J., Ex. 4). Further, Lankins testified that the decision to make the modifications were made by a group of Plateau employees without notification to Plaintiff. (*Id*.). Accordingly, through Defendants' own corporate witness, it is clear that modifications were made without prior approval. Such actions went against the express terms of the subcontract. Defendants are unable to demonstrate that a genuine issue of material fact exist. The Court finds that Plateau breached its contract by making unauthorized

modifications to the hanger straps without the approval of Plaintiff. For this reason, the Court **GRANTS** Plaintiff's Partial Summary Judgment as to this issue.

### 2. Defendants' Joint Motion for Summary Judgment

In spite of the arguments and affidavits set forth by Defendants, the Court finds that genuine issues of material fact exist on several grounds. As required under Federal Rule of Civil Procedure 56(c), the Court must view the facts in the light most favorable to the non-moving party. The Court finds that Plaintiff has satisfied its burden in showing that there are genuine issues of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Accordingly, Defendants' Joint Motion for Summary Judgment is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment in part, **DENIES** Defendants' Joint Motion for Summary Judgment, and **DENIES** Defendants' Motion to Strike the Affidavit of Thomas J. Fulton.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June  28 , 2006